982 So.2d 1158 (2008)
Mark Dean SCHWAB, Appellant,
v.
STATE of Florida, Appellee.
No. SC07-2138.
Supreme Court of Florida.
January 24, 2008.
Rehearing Denied May 21, 2008.
John W. Jennings, Capital Collateral Regional Counsel, Peter J. Cannon, Mark S. Gruber, and Daphney Gaylord, Assistant CCR Counsel-Middle Region, Tampa, FL, for Appellant.
Bill McCollum, Attorney General, Tallahassee, Florida, and Kenneth S. Nunnelley, Senior Assistant Attorney General, Daytona Beach, FL, for Appellee.
PER CURIAM.
Mark Dean Schwab, a prisoner under sentence of death, appeals the circuit court's order denying his second successive motion for postconviction relief, which was filed pursuant to Florida Rule of Criminal Procedure 3.851. Because the order concerns postconviction relief from a sentence of death, this Court has jurisdiction of the appeal under article V, section 3(b)(1), Florida Constitution. For the reasons stated below, we affirm the postconviction court's order denying relief.
*1159 Mark Dean Schwab was convicted of first-degree premeditated murder, sexual battery of a child, and kidnapping, after murdering eleven-year-old Junny Rios-Martinez in April 1991, and he was sentenced to death. This Court affirmed the judgment and sentence on direct appeal, see Schwab v. State, 636 So.2d 3 (Fla. 1994), and thereafter affirmed the circuit court's denial of the initial motion for postconviction relief, see Schwab v. State, 814 So.2d 402 (Fla.2002). On July 18, 2007, Governor Charlie Crist signed a death warrant, setting Schwab's execution for 6 p.m., November 15, 2007. On August 15, 2007, Schwab filed a successive motion for postconviction relief, raising two claims: (1) Florida's lethal injection method of execution violates the Eighth and Fourteenth Amendments of the United States Constitution and corresponding provisions of the Florida Constitution; and (2) newly discovered evidence reveals that Schwab suffers from neurological brain impairment, which makes his sentence of death constitutionally unreliable. After holding a hearing regarding Schwab's motion, the postconviction court issued an order summarily denying Schwab's motion. State v. Schwab, No. 05-1991-7249-AXXX (Fla. 18th Cir. Ct. order filed August 20, 2007). Schwab appealed the postconviction court's summary denial of his motion. On November 1, 2007, this Court affirmed the circuit court's denial of all relief and denied the motion for rehearing on November 7, 2007. Schwab filed an application for a stay of execution with the United States Supreme Court, which was granted on November 15, 2007, pending the filing and disposition of a certiorari petition.
On November 9, 2007, Schwab filed a second successive motion to vacate with the circuit court, alleging this motion was based on newly discovered evidence. In this new successive motion, Schwab raised two claims: (1) newly discovered evidence of Dr. Samek's clarification of his original testimony made Schwab's sentence of death fundamentally unreliable; and (2) newly discovered evidence of the Florida Department of Corrections (DOC) training logs and the Florida Department of Law Enforcement (FDLE) mock execution training notes clearly revealed that Florida's lethal injection method violated the Eighth Amendment. The circuit court held a hearing on November 13, 2007, and summarily denied relief without permitting an evidentiary hearing. Schwab appeals the circuit court's ruling denying relief.
In his first claim, Schwab asserts that a revised opinion by Dr. Samek, who testified as a State expert in the field of sex offender diagnosis and treatment during Schwab's trial, is newly discovered evidence truly demonstrating that Schwab could not control his conduct, which impacts his sentence of death. According to Schwab, Dr. Samek no longer believes that at the time of the crime, Schwab was unwilling rather than unable to control his desires at the time of the murder because he believes that Schwab was suffering from an extreme mental disturbance and panicked about being caught violating his probation. Hence, he believes that Schwab's ability to conform his conduct to the requirements of the law was substantially impaired. The circuit court correctly determined that Schwab's allegations, taken on their face, do not satisfy the requirements of Jones v. State, 709 So.2d 512, 521 (Fla.1998). Even if this evidence was considered newly discovered evidence, Samek's revised opinion would probably not yield a less severe sentence on retrial. Thus, summary denial was appropriate.
Next, Schwab asserts that newly discovered evidence shows that the DOC execution team is not being trained properly in preparing and administering the *1160 correct chemical amounts as required and that FDLE agents are not sufficiently trained to identify potential problems. In support, Schwab attached the FDLE notes allegedly showing that: (1) the DOC execution team botched two of the five training practice sessions; and (2) the FDLE monitor observing the mixing of the chemicals is not sufficiently trained. Even taking Schwab's allegations as true, Schwab has not met the standard that this Court set forth in Jones v. State, 701 So.2d 76, 79 (Fla.1997):
In order for a punishment to constitute cruel or unusual punishment, it must involve "torture or a lingering death" or the infliction of "unnecessary and wanton pain." Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 67 S.Ct. 374, 91 L.Ed. 422 (1947). As the Court observed in Resweber: "The cruelty against which the Constitution protects a convicted man is cruelty inherent in the method of punishment, not the necessary suffering involved in any method employed to extinguish life humanely." Id. at 464, 67 S.Ct. at 376.
See also Lightbourne v. McCollum, 969 So.2d 326 (Fla.2007) (reaffirming the standard announced in Jones, 701 So.2d at 79). As to Schwab's claim concerning the FDLE monitor for the chemicals, the circuit court correctly recognized that the "newly discovered" FDLE notes involve mock executions that occurred under the prior protocols. Under the new protocol, a licensed pharmacist must mix the necessary chemicals. We do not find that Schwab's allegations as to these training exercises implicate any constitutional violation. Summary denial was proper.
For the reasons stated above, we affirm the circuit court's order denying Schwab's second successive motion for postconviction relief.
It is so ordered.
LEWIS, C.J., and WELLS, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
ANSTEAD, J., concurs in result only.